Carlton A. Fisher, J.
Petitioners were injured in an “ uninsured automobile ” accident and thereafter filed claims against the Motor Vehicle Accident Indemnification Corporation (MVAIC), with status as “ insured ” persons under a New York Automobile Accident Indemnification Endorsement (Endorsement). Thereafter John Hancock Mutual Life Insurance Company (Hancock) filed a notice of lien with MVAIC under the Disability Benefits Law (Workmen’s Compensation Law, art. 9, § 227), for “ employee * * * disability benefits ” paid claimant Brown in the amount of $618.31. Vartanian was paid like benefits in the amount of $345.71. There is no notice of lien from the latter carrier.
Endorsement Condition 6 provides for arbitration of this type claim. The issues considered by the arbitrator were limited to fault and damages. The award, dated July 3, 1967, directs MVAIC to pay to Brown $9,000 and to Vartanian $6,000.
On application to confirm this award, MVAIC cross-moved, on notice to Hancock, to disallow the disability benefits lien and for reduction of the award by the amount of disability benefits received by each claimant.
Concerning disallowance of the disability benefits lien, Endorsement Exclusion (c) provides that the protection afforded thereby does not apply “so as to inure directly or indirectly to the benefit of any * 1 * * disability benefits carrier * * * under any * * * disability benefits law or any similar law”. The language of Exclusion (c) clearly precludes a Disability Benefits Law lien on the proceeds of this award. Indeed, the scope of section 227 itself, is clearly limited to the proceeds of a “third party” recovery. (Commissioners of State Ins. Fund v. Miller, 4 A D 2d 481.) Accordingly, the lien of Hancock is disallowed.
Concerning reduction of the award by the amount of disability benefits, Endorsement Condition 5(b) specifies that any amount payable under the Endorsement “shall be reduced” by the amount paid any claimant on account of the same injury “ under any Workmen’s Compensation Law, exclusive of nonoccupational disability benefits. ” The payments made in this matter are mandated by article 9 of the Workmen’s Compensation Law. Such benefits do not become 1 ‘ non-occupational ’ ’ *985 simply because occasioned by a “non-oceupational ” accident. The nature of these statutory payments is clearly distinguished from the myriad forms of private protection or other voluntary indemnity agreements insuring against loss due to accident or sickness which are unconditioned on employment, unrelated to occupation, and otherwise unregulated by the employer-employee relationship. Accordingly, the award is reduced by the amounts of the disability benefits which claimants have already received. (Matter of Durant [MVAIC], 15 N Y 2d 408.) This reduction finds further support on analysis of the subrogation rights of MVAIC, and in consideration of the *1 equal protection ” envisioned as between “ insured ” and “ qualified ” claimants.